HEARD NOVEMBER TERM, 1872.

## PRICE *vs.* BROWN.

An action to set aside a Sheriff's conveyance of real estate, sold under execution, on the ground that the judgment debtor held the land as trustee of plaintiffs, and to enforce the trust, is not an action for the recovery of "specific real property," but is a "matter of equity," triable by the Court, though the Judge may, in his discretion, submit it to a jury.

Neither the Constitution nor the Code changes the former practice in actions to enforce trusts, except as to the pleading and its incidents.

A subsequent acknowledgment of the trust, by deed, is sufficient to satisfy the terms of the Statute of Frauds requiring declarations of trust to be proved by writing.

A judgment debtor, after judgment recovered, executed a deed, by which he stated that he held a certain tract of land in trust, declaring the terms: *Held,* That the declaration was not good against the creditor without clear and convincing proof, *aliunde,* that the trust existed before judgment was recovered.

BEFORE THOMAS, J., AT LANCASTER, JUNE TERM, 1872.

This was an action by Henry R. Price and Nancy E., his wife, and his daughter, Henrietta C., with her husband, John N. Crockett, plaintiffs, against Daniel W. Brown, Jonas Crockett and Eli D. Crockett, defendants.

The object of the action was to set aside a deed of conveyance, from the Sheriff to Brown, of a tract of land sold as the property of Eli D. Crockett under an execution of Jonas Crockett against him, and to enforce certain trusts in favor of the female plaintiffs, to which, as alleged, the land was subject at and before the Sheriff's sale.

Before evidence was heard defendants' counsel contended that the action was for the recovery of specific real property, and demanded a jury. The presiding Judge refused to submit the issues to a jury, and proceeded to hear and decide them himself.

It appeared that, in the year 1856, a tract of land was sold by the Sheriff as the property of Henry R. Price, and purchased by one James Thompson, and that, shortly after the sale, Thompson conveyed a part thereof, being the land in question in this action, to Eli B. Crockett, at the price of $210 or $218; that on the 5th of September, 1866, Eli D. Crockett confessed a judgment to Jonas Crockett for $2,092.13; that on the 15th of April, 1867, Eli D. Crockett executed a deed, which was recorded July 13th, 1867, by which he "acknowledged that he had recovered back the price paid by him for the land out of the separate estate of Mrs. Nancy E. Price, and, in effect, declaring the said Nancy E., and her daughter Henrietta C., entitled to the same;" (a) that Eli D. Crockett had been appointed, by the Court of Equity, trustee of the separate estate of Mrs. Price; that on the 22d of March, 1869, Jonas Crockett assigned his said judgment to Brown; and that, under the execution issued thereon, the land in question, in this action, was sold and conveyed, by the Sheriff, to Brown, in March, 1870.

The action was brought to set aside the conveyance to Brown, and to enforce the trusts of the deed of April 15th, 1867.

James Thompson was examined as a witness for plaintiffs. He testified that he "did not regard the price at which the land was sold to Eli D. Crockett as the full value thereof; was influenced

---

(a) Extract from the decree of the Circuit Court, the brief containing no copy of the deed or other statement of its contents.

by a desire that Mr. Crockett, after paying himself about $210, then due upon the land, should give the remainder to Mrs. Price and her daughter. Eli D. Crockett was to pay the $210 due upon the land and give the residue to Mrs. Price and her daughter. He took the land upon those terms, and was to hold as trustee for Mrs. Price. Mr. Price, immediately after the conveyance by me to Crockett, took control and managed the property in the same manner as he did before it was sold by the Sheriff, and the other trust property."

Eli D. Crockett was examined for the defense. He testified that "he bought the land for himself, with his own money; paid $218 for it. Afterwards he gave the land to Price's daughter. $218 was all that Thompson asked witness for the land. At the time witness bought the land there was no agreement with Thompson that witness was to re-convey the land to any of the plaintiffs." On his cross-examination, he said "Mrs. Nancy Price had a separate estate, of which witness was trustee. This deed to the plaintiffs contains the truth. About the first of the war witness got from Dr. Crawford about $200 of a debt due by him to Price. At the same time Price owed witness as much or more than this sum. Witness was in very easy circumstances at the time." D. W. Brown testified that at the time of the assignment of the judgment to him he had no notice of plaintiff's claim; and Jonas Crockett testified "that he did not know of any claim of Mrs. Nancy Price upon the land at the time of the assignment" of the judgment to Brown.

The decree of the Circuit Judge is as follows:

THOMAS, J. One James Thompson, at a sale of the property of Henry R. Price, in the year 1856, by the Sheriff, became the purchaser of the land in controversy. He sold and conveyed the land, by deed, dated August the 20th, 1856, to Eli D. Crockett, for about the sum of $200.00, upon the parol understanding and agreement that, upon being reimbursed the price paid, he should hold the land in trust for the plaintiffs, Mrs. Nancy E. Price and her daughter, Henrietta C., now the wife of John N. Crockett.

Some time in the year 1861 or 1862, he was reimbursed the price paid by him for the land. Shortly after the execution of the deed of conveyance by Thompson, Eli D. Crockett was regularly constituted and appointed trustee of a considerable separate estate

of Mrs. Nancy E. Price, by the Equity Court, held for Lancaster. On the 15th day of April, 1867, the said Eli D. Crockett, by a deed, in form sufficient to convey real estate, although inartificially drawn, acknowledged that he had recovered back the price paid by him for the land out of the separate estate of Mrs. Nancy E. Price, and, in effect, declaring the said Nancy E. and her daughter, Henrietta C., entitled to the same.

This deed appears to have been duly recorded in the proper office July 13th, 1867. Previous to its execution, viz: September the 5th, 1866, the said Eli D. Crockett confessed judgment to the defendant, Jonas Crockett, for $2,092.13, upon which execution was immediately issued and lodged in the Sheriff's office for Lancaster. An assignment of this judgment and execution was duly made to the defendant, Daniel W. Brown, dated March the 22d, 1869. And, under the execution, the land in controversy was subsequently levied on by the Sheriff of Lancaster, and advertised to be sold on the first Monday in February, 1870.

The plaintiffs then filed their bill in this cause, seeking to enjoin the defendants, Brown and Crockett, from having the land sold. In this bill was set forth the origin and nature of the trust upon which the land was held by Eli D. Crockett, and a copy of his deed of the 15th day of April, 1867, made an exhibit thereof. To this bill both Brown and Crockett were made parties by regular process, and, in addition, notified that an injunction would be applied for to restrain them from selling the land. In addition to such constructive notice, as might have arisen from the recording of Eli D. Crockett's deed, they thus had express notice of the trusts upon which the land was held by the said E. D. Crockett. Notwithstanding this notice they proceeded and had the land sold by the Sheriff on the first Monday in February, 1870, which was bid off by the defendant, Daniel W. Brown, at the price of ten dollars, to whom the Sheriff made a deed of conveyance.

The plaintiffs then filed their supplemental complaint in this action, seeking to have the Sheriff's deed set aside and annulled, and the trust aforesaid set up and enforced. Both Brown and Crockett in their answers resist this claim and rely upon Thompson's deed to Eli D. Crockett; and in the argument it was urged that the Statute of Frauds rendered void the parol understanding between Thompson and Crockett in relation to the land. But, in the opinion of the Court, even if this understanding came within

the operation of the Statute of Frauds, still its terms were complied with in the subsequent acknowledgment, in writing, by Eli D. Crockett, contained in his deed of the 15th of April, 1867, which, as evidence, had relation back to the parol creation of the trust, and rendered it valid *ab initio.*—Hill on Trustees, American notes, pp. 86, 87 and 88.

It is ordered, adjudged and decreed, that the Sheriff's deed for the land to Daniel W. Brown be set aside and annulled ; that the plaintiffs, Nancy E. Price and her daughter, Henrietta C. Crockett, are entitled, as beneficiaries, to the possession of the land described in the pleadings ; that a recovery thereof be awarded to them, and that the costs herein be paid by the defendants, Daniel W. Brown and Jonas Crockett.

The defendants, Daniel W. Brown and Jonas Crockett, appealed on the grounds, viz :

I. Because they were entitled to a trial by jury, and His Honor the presiding Judge erred in excluding them from such privilege, and assuming jurisdiction that properly belonged to a jury.

II. Because the issues of the action properly belonged to a jury, and, as the defendants did not waive their right to a trial by jury, His Honor assumed functions that did not belong to him, and erred therein.

III. Because the Circuit Judge in his said decree erred in deciding upon the testimony that, on the 20th of August 1856, Eli D. Crockett purchased the land in controversy from James Thompson, with the parol understanding and agreement that he, on being reimbursed the purchase money, should hold the said land in trust for the plaintiffs therein named.

IV. Because, if such was the parol understanding, the same was void as to creditors of the said Eli D. Crockett, without notice.

V. Because the said decree is contrary to the law and evidence.

*Kershaw & Connors, Allison,* for appellants :

I. There being a conflict in the testimony, the issue should have been tried by a jury—the only tribunal prescribed by law at which the recovery of specific real estate can be had, unless a jury trial should be waived.

"The right of trial by jury shall remain inviolate."—Art. 1, Sec. 11, State Constitution.

And the 14th Section of the same Article reads as follows, viz : "No person shall be arrested, imprisoned, *despoiled or dispossessed* of his *property*, immunities or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or *estate*, but by the judgment of his peers, or the law of the land." * * *

Section 26, Art. IV, is in these words, viz: " Judges shall not charge juries in respect to matters of fact, but may state the testimony and declare the law."

The Code of Procedure declares how *issues* arise, and how the same are to be tried.

Section 272 of Chapter II.—An issue of law arises upon a demurrer to the complaint, answer or reply, or to some part thereof.

Section 273.—An issue of fact arises upon a material allegation in the complaint, controverted by the answer.

Section 276.—"An issue of law must be tried by the Court, unless it be referred, as provided in Sections 294 and 295. An issue of fact, in an action for the recovery of money only, or of specific real or personal property, or for a divorce from the marriage contract, on the ground of adultery, must be tried by a jury, unless a jury trial be waived, as provided in Section 290, or a reference be ordered, as provided in Sections 294 and 295."

Section 270.—" Trial by jury may be waived by the several parties to an issue of fact, in actions on contract, and, with the assent of the Court, in other actions, in the manner following: 1. By failing to appear at the trial. 2. By written consent, in person, or by attorney, filed with the Clerk. 4. By oral consent in open court, entered in the minutes."

II. The defendants, having been entitled to a jury trial, and the juries having been dismissed by the Court before the action came on to trial, defendants were taken by surprise at the trial.

III. The testimony did not warrant the Court in finding that Thompson, by deed, dated August 20, 1856, sold and conveyed the land in controversy to Eli D. Crockett, upon the parol understanding and agreement that, upon Crockett's being reimbursed the price paid therefor, he should hold the land in trust for Mrs. Nancy E. Price and her daughter, Henrietta C. Crockett. The deed itself, as well as the testimony of Eli D. Crockett, shows the contrary. And the Statute of Frauds would render void any subsequent parol understanding between Thompson and Crockett in relation to the lands.—Revised Statutes of 1871, p. 327, § 5.

That the secret understanding between Crockett and Thompson, if any such, in fact, existed, was void as to the creditor Jonas Crockett, under whose execution the land was sold, and whose debt was contracted upon the faith of the whole estate of the defendant, Eli D. Crockett, of which estate the land in question ostensibly formed a part.

*Moore,* contra :

1. The 1st and 2d grounds of appeal substantially assert the doctrine that the Court had no power, unless by the consent of the parties, to try the issues involved in the action, but could only refer them to a jury.

Inasmuch as these issues terminated in the question whether the land levied on and sold by the Sheriff was subject to and bound by the trusts which the respondents sought to set up and enforce, the doctrine contended for is at war with the plain provisions of the Code of Procedure.—Sections 276 and 277, p. 482.

2. The 3d ground complains of error on the part of the Judge in a finding of fact, and is answered by the principle that such finding has the force and effect of a verdict of a jury.—*Mann* vs. *Witbeck,* 17 Barb., 388 ; *Gilbert* vs. *Luce,* 11 id., 92.

3. The 4th ground states a legal proposition that cannot be maintained upon authority of the decided cases.

A purchaser without notice from a husband of the trust estate of the wife is trustee for her as to this property.—*Franklin* vs. *Crayon,* Harper's Eq., 243.

A trust need not be created by writing, if it can be proved by writing, and a voluntary acknowledgment will dispense with written proof.—*Rutledge* vs. *Smith,* 1 McC. Ch., 119.

A resulting trust may be established by parol evidence.—*McGowan* vs. *McGuire,* 4 DeS., 486.

Where one verbally agreed to purchase for another, at Sheriff's sale, bought the property and took titles in his own name, he will be decreed to be trustee.—*Denton* vs. *McKensie,* 1 DeS. Eq., 289.

Trust funds will always be affected with the trust wherever they can be found and identified, even as against creditors of the trustee.—*Gist* vs. *Cattell,* 2 DeS., 54.

Trust property cannot be levied on and sold under execution against the trustee.—*Jones* vs. *Fort,* 1 Rich. Eq., 50.

4. In this case the trust was proven by the written acknowledg-

ment of the trustee that he had been paid for the land and held the same in trust for Mrs. Price and her daughter—this payment having been made long before judgment against trustee.

March 20, 1873. The opinion of the Court was delivered by

MOSES, C. J. The objection that the case was decided by the presiding Judge without the intervention of a jury, as claimed by the appellants, cannot prevail. The complaint was not for the "recovery of specific real property." The plaintiff sought relief through the equitable jurisdiction of the Court to set aside the deed from the Sheriff to Brown, and to enforce certain trusts attaching on the land which had been sold as the property of the alleged trustee.

The Constitution, Sec. 16, Art. IV, vests the Court of Common Pleas "with jurisdiction in all matters of equity," and by the 277th Section of the Code of Procedure the issue was triable by the Court, though the Judge, in his discretion, might have referred it to a jury.

The clause of the Constitution which provides that "no person shall be dispossessed of his property but by the judgment of his peers, or the law of the land," may be found in every Constitution under which the State has existed, and it has never been so construed as to deprive Courts of Equity, since their establishment in South Carolina, of jurisdiction over trusts, even in relation to real estate, or to preclude them from deciding all relevant issues arising in the course of the case, without the intervention of a jury. Neither the Constitution or the Code changes the practice which before prevailed in the Courts of Equity, save as to the manner of pleading and its incidents.

The material question in the case was as to the alleged trust imposed on Eli D. Crockett, on behalf of Mrs. Price and her daughter, by the transaction with Thompson shortly after his purchase of the land, as testified to by him. The deed of 15th April, 1867, was a sufficient compliance with the Statute of Frauds, which requires "that all declarations or creations of trust of any lands, &c., shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will in writing, or else they shall be utterly void and of none effect."

It is said in *Lewin on Trusts*, 63, "that the Statute will be satisfied if the trust can be manifested by any subsequent acknowledgment of the trustee, as by any express declaration by him, or any

memorandum to that effect." See also Hill on Trustees, 61; *Rutledge* vs. *Smith*, 1, McC. Ch., 112; *Massey* vs. *McIlvaine, et al*, 2 Hill Ch., 428; *Reid* vs. *Reid*, 12 Rich. Eq., 215.

The testimony, however, against the averred trust is so strong and overbearing that the judgment of the Circuit Judge, sustaining it, cannot meet our concurrence. The *onus* of proving it was on the plaintiffs. Parol testimony to set up a trust should always be clear and conclusive, and evidence of that character should certainly be required here, where the deed to Eli D. Crockett conveys an absolute and unconditional estate.

Thompson, who the plaintiffs claim created the trust, in his examination is vague and uncertain, defining no exact terms or limitations on which it was to attach, offering no declarations of Crockett by which his understanding of the agreement at the time could be made known to the Court, and leaving his intentions alone to inference drawn by himself from what he may have done or said at the interview.

On the other hand, Crockett testifies that he " bought the land for himself, with his own money, and without any agreement at the time with Thompson to re-convey it to any of the plaintiffs." The deed of April 15, 1867, is not produced, nor are its terms and recitals before us. To give it effect, as a declaration or acknowledgment in writing, sufficient to support the trust claimed through the testimony of Thompson, it must appear that it was executed in direct pursuance of it, to carry out the purposes of the agreement with him. How it can be assumed that this was done, it is difficult to perceive, when Crockett says there was no such agreement. There was no evidence that Crockett was repaid in 1860 or 1862 the amount he paid for the land, as alleged in the decree. According to his testimony, when he received the two hundred dollars of a debt due to Price, he (Price) owed him more than that sum. But the complaint does not refer the trust to the money thus collected, but to the agreement of August, 1856, made with Thompson.

In the absence of proof to the contrary, the presumption should be that the re-payment was made at the date of the deed, and this was after the lien created by the judgment of Jonas Crockett Mr. *Browne* in his Work on Frauds, Section 97, says: " If the trust had no effect previously to or independently of the written declaration, the trust property could not be disposed of by the *cestui que*

*trust* in the meanwhile, and would be subject to the acts and incumbrances of the ostensible owner."

The motion is granted, and the complaint dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.